Rosendo Agresar, Plaintiff and Appellant, v. American Commercial Co. et al., Defendants and Appellees.

No. 6751. Argued July 2, 1934.—Decided July 11, 1934.

*Salvador Suau* and *F. Prieto Azuar* for appellant. *R. Castro Fernández* for appellees.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

On January 25, 1932, the District Court of San Juan rendered judgment dismissing the complaint in this case. On February 8 an appeal was taken. Three days later the lower court ordered the stenographer to prepare the transcript of the evidence at the request of the appellant, who has allowed two years and four months to elapse without having filed the transcript referred to.

The appellee moves for a dismissal of the appeal taken, on the ground that the transcript of the evidence is not voluminous and could have been prepared by the stenographer·in a period not exceeding ninety days, twenty-eight extensions of thirty days have been granted to prepare and file the transcript of the evidence, and despite the time elapsed, the appellant has not filed said transcript, for which reason he has not prosecuted his appeal with due diligence.

The appellant claims that he paid the stenographer's fees for preparing the transcript at an agreed price, and that he had to endure an endless and painstaking task with said officer, who subsequent to said agreement stated that he deserved higher fees. In view of the stenographer's insistence and in order not to delay, the plaintiff agreed to pay an additional fee to said officer. The appellant maintains that he has been without work and means, and that if he would have had them in time he would have compromised, even at the expense of his rights, the said claim of the stenographer. He adds that he has filed, on June 23, 1934, said transcript

of the evidence in the lower court, in spite of the sacrifices and disappointments referred to, and that the appellant has a good and meritorious cause of action in this case and good chances of success in this appeal.

██ Two years and four months is a considerable period of time to perfect an appeal, and the appellant must adduce worthwhile reasons so that an order of this Court refusing a dismissal of the appeal may be justified. The appellant claims that the stenographer agreed with him upon a price as his fees and that he later demanded an additional sum. The attitude of the stenographer does not justify the appellant's lack of diligence. If after receiving the total amount of his fees, the stenographer failed to keep the agreement and refused to transcribe the evidence unless an additional sum were paid to him, the appellant should have resorted to the court, which has power to direct, in furtherance of justice, the conduct of its officers, and which could have ordered the stenographer to comply with the agreement.

██ The appellant also argues that the defendant implicitly consented to the petition of said extensions, by not having raised any opposition thereto nor having moved beforehand for the dismissal of the appeal. The silence of the appellee does not relieve the party who appeals from his duty to perfect his appeal with due diligence. The appellant cites *Central Pasto Viejo* v. *Aponte,* 34 P.R.R. 31, and copies the following paragraph from the syllabus:

"One of the attorneys for the appellee having consented to the extensions of time asked for by the appellant for filing the statement of the case, that is, from April 11, 1924, the day on which the transcript of the evidence was received, to January 27, 1925, the appeal should not be dismissed although the court granted other extensions of five and fifteen days respectively on January 27th and February 11th without the acquiescence of the appellee."

In the cited case the extensions, with the exception of two of them, were consented to by the appellee; in the instant case there is no evidence of an acquiescence to any of the

extensions. There is in addition a remarkable difference in one and the other between the period elapsed from the time the transcript of the evidence was ordered to the stenographer. The appellant has not offered any reasonable excuse to justify his delay in perfecting this appeal and it cannot be said that he has proceeded with due diligence.

The appeal taken must be dismissed.